Good morning. Michael Morgish on behalf of Appellant. Last month the court asked for supplemental briefing, and apparently I must have been so excited that I saw the request for a briefing on Dahlia that I didn't see that it asked for a briefing on the Hagen case. So I'd like to make just a couple of comments on that. I don't think the Hagen case impacts this case too much. It just explains that it really takes off where Dahlia left off, that questions about specific instances in the Hagen case about safety issues were reported as part of the officer's job duties. More systemic problems would likely be outside the chain of command, I mean, outside the job duties. And I think that's what we have in the case before you, is with these seven different instances of reporting, more of systemic problems within the Office of Public Safety than specific instances. One of the chief arguments we made was that the court incorrectly sent to the jury the mixed question of fact and law on the issue of whether Robinson was speaking as a public employee or a private citizen. Do you think the district court should have decided that? The district court should have decided the ultimate constitutional significance. But I think which is — Doesn't Dahlia suggest that it's supposed to be a jury question? Well, in reading the case carefully and the other cases carefully, it seems that the jury question is just what are the job duties? Were they acting pursuant to the job duties? That's it. The jury instructions talk about, for instance, instruction number 12, which was the one that we object — one of them that was objected to, talks about the impact of the First Amendment, and it gets confusing. For instance, with respect to each communication described in question one, which were the specific acts, the jury must determine whether plaintiff raised the issue in the performance of his official duties. If so, then his speech is not protected by the First Amendment, even though it deals with the matter of public concern, et cetera, et cetera. And I'm sorry, that was actually a response to a jury note. The jury note, which is jury note number 7, was in response to instruction number 12. And here's what the jury said, and this is in the supplemental brief, and it's also in the — Why are we talking about jury notes? I thought your point you were making — now, I realize you have an argument as to the jury instruction, but I thought the argument you were making is that this shouldn't have gone to the jury at all. It should have been decided by the court. So I don't know why you're sliding to jury instructions or jury notes. Because I think it — the argument from the other side and the position that the district court — I'm talking about your argument. Your argument is it shouldn't have gone to the jury. Did you ask the court to make that decision? Yes. And the court — Which way? In what posture? That the jury should just be deciding the factual question of the job duties, not the legal question. But we said in Dahlia, we continue to adhere to our view and note that when an inquiry is a mixed question of law and fact, it will often be inappropriate to take the question from the jury. That's in footnote 12. That's a quote. So I go back to the question I posed. Doesn't Dahlia tell us it's inappropriate to take it away from the jury? This is what gets — this is the point I'm trying to make in response to what the district court's position was, for instance, in the motion to augment and the motion for a new trial and the county's position. What is the difference? Why don't you answer Judge Clifton's question? She's asking about a particular passage in a case that seems to suggest that this is a jury question. This has nothing to do with what actually happened in your case or what the — how the jury reacted or anything else. It's a question about what Dahlia says. Dahlia seems to say it's a jury question. Well, but I think — I think it somewhat begs the question because the question is what is the jury question?  Well, what Dahlia says, if it's a mixed question of law and fact. Right. And the jury question is the factual part. What are the jobs? Well, that's not what Dahlia says. I mean, I understand what your argument was. It seems to me Dahlia gives you some and takes some away. And where it takes some away is it says in so many words, in a case that's in the context similar to yours, that a mixed question of law and fact is one that's generally not appropriate to take away from the jury. And I read that to be a reference to the more ultimate question, not simply the piecemeal what are the particular job duties. Those are plainly pure factual questions. But Dahlia is referring to the mixed question of law and fact. So I wasn't on the panel on Dahlia. I don't claim responsibility for it, but I'm surely bound by it. Why doesn't that bind us to the result that says this question should have been given to the jury as it was? Okay. Here's why. At page 28 of the Dahlia opinion, it says, precisely because of the fact-intensive nature of the inquiry, no single formulation of factors can encompass the full set of inquiries relevant to determining the scope of plaintiffs' job duties. That is the factual question. When you look at the Robinson case, the case that preceded this one, again, it talks about, and this is cited in the district court's ruling on the post-trial motions at page 10 of the excerpts. The scope of Robinson's job duties is a question of fact. It is the — and then on the next page, it talks about an issue does not lose its factual character merely because its resolution is dispositive of the ultimate constitutional question. Now, I could see — That doesn't push away from the jury. It suggests that it is a jury question. I could see where viewing that, at first it appears to say, what's the difference? They're deciding this question. Ultimately, it's a question of whether it's protected speech. Are they a private citizen? Are they a public employee? But I think what makes it confusing for the jury is when you throw both of these issues at them. What are the job duties? Clearly a factual question. And here's what it means. For instance, in instruction number 12, and in response to jury note number 7, saying, well, here's what the First Amendment means. If you find this, it doesn't have First Amendment protection. They ask, does one — does the manner in which the person spoke matter? Does one take precedence over the other for purposes of the First Amendment? I mean, this is — this becomes a confusing question for the jury. Well, I don't quarrel with that. But Dahlia talked about exactly what you're talking about, how confusing it is. And Dahlia's the case that includes the sentence I read that says this mixed question of law and fact. We adhere to our case law that that's customarily for the jury. I don't want to belabor that because I'm interested in what happens next. Suppose we conclude that it's not wrong to send it to the jury. Is there something wrong about what the jury said here? And this means specifically, did you object to the instructions and offer instructions that would have given better direction? What was the response to the jury note, which in your supplemental brief you quarrel with? Is that something you quarreled with at the time? Did you offer an alternative response to the jury note? I don't have — I mean, you didn't want it to go to the jury. I understand that. But it did go to the jury. And now our question, is there something defective about that jury verdict that justifies setting aside? The objection to instruction number 12, which is the jury note that I've been talking about, is in the record in volume 3 at page 323. Those are the plaintiff's objections to the proposed instructions. The plaintiff proposed their own instructions at page 325 in the record. Now, I expect that the county is going to say those instructions as proposed by the plaintiff may have been no clearer. That may or may not be. But I think the objection being raised in the first instance as to the original instruction is enough to preserve the issue that we believe there's a problem with this jury instruction. We're not inviting error by being silent as to jury instruction, as to jury instruction number 12. The one that we think caused the most problems here. But let's say it goes to the jury, and let's say the jury did what it did, which we don't have to say that because it did. There's the question of this intervening — the intervening case law of Dalia v. Rodriguez, and the much more nuanced approach that should be taken with regard to the factual inquiry. For instance, whether these are separate and discrete incidents of safety concerns like in Hagen, which they're not, or is it more closely akin to systemic problems within the department, which it appears to be. And that's what Dalia talks about. I hear you. I understand Dalia gives — you would like to have had that in hand before your case was tried. You would certainly have proposed instructions based on that. We have the trial that took place. What is it that tells us that the instructions were so erroneous, that the response to the jury note was so erroneous, that the result of that trial has to be set aside? Dalia wasn't a post-trial case. It was dealing with a case in a different context. Procedural stance. Procedural stance. So one of the things we have to do is reconcile the stance of that case with the situation we have in front of us. And why do we set aside the efforts of a jury and a judge and a trial and so forth? What's so amiss about what happened that tells us that we should make it go back and be done all over again? Well, the evidence relied on by the court and the jury, which is mostly pointed out in the supplemental excerpts lodged by the county. But very quickly, while we would have loved to have had Dalia at that time, and it certainly would have been instructive, at the time the prevailing law was Huppert. And we're kind of stuck with that at the time. So the evidence that's relied on is Robinson's own testimony that, sure, he has a duty to report misconduct of other officers. And then four manual sections that are pointed out by the county. The first one is 3-01040.90, which is in the supplemental excerpts at page 12. It says that you're supposed to report to an immediate supervisor anything that needs OPS action. But that's generalized, formulaic, doesn't really say much. It doesn't really talk about the context. But that was one of the other ones. Why isn't your client's own admission enough? Because if my client's, because it really gets to his state of mind. If my client's state of mind matters, then if he thought that this was not pursuant to his job duties, then we'd have to have the other outcome. But he didn't. He said it was. I don't think it's controlling, is what I'm saying. Because I think... That's why it went to a jury. That's why it went to a jury. And they looked at it. They couldn't have said it's controlling. They couldn't have said it's not controlling. They decided to rule against your client. I don't see where the beef is. Because when it's taken in the context, I think that has to work both ways. For instance, in Hagen, you have him saying, I wasn't reporting this pursuant to my job duties. I didn't have a job duty to do this. I wasn't even, these weren't even reports. But it doesn't rest on his own subjective view of whether he had to report that pursuant to his job duties or not. And that's what the county is arguing for in this case. You have the burden. Your client is the plaintiff. And it may well be that his own statement is not enough to support his burden. But why is it not enough to defeat his case? You know, when the jury then rules against him, and this is different if this has been a summary judgment or if this has been taken away by the jury. But it goes to the jury. The jury listens to all of the evidence, including your client's own statement, and says he hasn't carried his burden. I don't get it. I don't see what more you could have asked for. Well, it was asked of him in a pretty generalized way. You think you have a duty to do this? I don't think, and I will grab the record. His lawyer could have asked him to elaborate or cut back or, you know, he could have been asked further questions. Well, he also testified, though, that he was told not to do some of this reporting, that he needs to be quiet about this stuff. I mean, he testified both ways. He was told by the bureau chief. But you know the juries are entitled to believe some and not other things? Certainly. Certainly. But looking at the remainder of the evidence, look, if the court's view is that his testimony alone is substantial evidence, then I've got a problem. But I think that when you look at it in terms of the other manual sections that are cited by — Well, I don't think you heard everything I said. What I said is he has the burden. Yes. He has the burden. So, you know, it doesn't have to be substantial evidence in itself. All it has to be is enough for the jury not to find in your client's favor. Okay. I think you're out of time. I understand. I understand, Chief Justice. You're out of time. Thank you. Thanks. Thank you. Good morning, Your Honors. May it please the Court. I am Christine Heffner, representing the defendants in Appelese. I think the Court well understands the difference between this case, which was decided after a full jury trial, after a full evidentiary hearing, and based on a jury verdict that clearly and specifically stated the plaintiff had not met his burden of proof. Did the jury instructions comply with what our later decision in Dahlia required? I believe the instructions did, if you look at instructions number 11 and 12. Dahlia didn't say anything different that the jury should have been advised of as to what would constitute? Dahlia was not written as a jury instruction decision. It was written assuming all of the facts in the complaint were true, and it was written from the perspective of a pleading. It wasn't written from the perspective of jury instructions following trial. That may be true, but let me ask you first. Assume that the jury correctly answered the questions and made the legal findings under the law as it was at that time. Now the case comes up on appeal. What law is applicable to this case? The current law or the law as it was at the time the case was tried? I don't see how the Court could have done anything other than give the law as it was at the time the case was tried, and that would be binding, of course. I'm not criticizing the district judge for applying the law as it was at the time. I'm saying that if he correctly applied the law and the jury correctly applied the law pursuant to the instructions as to what the law was, if the law changes when you, by the time you come to appeal, which law applies? It depends on how the decision is written, whether it's going to be retroactive or not, and I don't think any statement in Dahlia included that, and I think we're getting Well, let's take it, let me change it slightly. Suppose Dahlia had said this is not a jury question, it's a judge question, and your case had gone to the jury. Wouldn't we be bound to apply Dahlia's conclusion of law contrary to what it really concluded? But if Dahlia said it's supposed to be a bench issue, wouldn't we be obligated to say, well, this is now an issue for the judge, not for the jury? Even though at the time this trial was conducted, the law may have been such that the judge was justified in sending the case to the jury. The general rule is that we apply on appeal the law as it is today. Well, move it back to the question Judge Reinhart is posing. I look at Dahlia and say instructions in this case, if it was going to trial next week, would be different than the instructions that were given when the trial actually was held. And the instructions that were given by the judge at the time the trial was held may have made perfect sense in the context of the case laws of that day, but now the case law is different. And I think the question Judge Reinhart's posed, and it's mine too, is that how do we deal with that passage of time and change of law? How do we evaluate the instructions in front of us, given that the instructions that would be given next week are different than the instructions given last year? And my answer to that is you're raising a hypothetical question because we are, and you are, assuming that the instructions in Dahlia apply under the facts of this case. And I will give you one example. For example, Dahlia talks about defying orders. If someone is defying orders, that can be a communication that is done as a private citizen. But the evidence in this case, and I think you have to look at the evidence in this case to decide if the jury instructions even apply. Scalia. You're going ahead of the question. That's the next issue. For the purpose of Judge Clifton's question and mine, you have to assume that it would make a difference. Or you could say we apply the law at, we now apply on appeal the same law as before. And, or you could say we apply the law as it now is. Then, whichever we decide it is, then we can look and see it doesn't make any difference, which is the argument you're now making. But the first question is what Judge Clifton asked, which is if there were a difference, which would we apply? The law that was applicable at the time of the trial or the law that is applicable today? And then you can say the law that's applicable today, if that's what you agree, but it doesn't make any difference, which is the next question. If the law that is applicable today is retroactive, you would apply that law to the extent the facts that came out in trial indicated that those instructions should be given at all. And to the extent you have a full record, which you don't have in this case. There's an intermediate step. A full. And that is the issue has to be preserved. Yes. Just having different law doesn't matter if the issue has not been preserved, right? And I think we've got a number of failures to preserve in this case. I think that's maybe what you're getting at as to whether this is the right case. Was this ever, was the judge ever asked to apply the law that didn't yet exist? As far as I can tell, and based on the record that I see, yes. I mean, it happened in Dahlia. They look ahead. That happens all the time. A case will make new law because the argument is made at a time when the law is different, and then the court of appeals changes the law. But you have to preserve it in district court, right? And there were no requests for additional jury instructions that are shown in the record that we have. There is no objection to the verdict form. Plaintiff argues that there was an objection to the verdict form. Plaintiff proposed a verdict. Defendants proposed a verdict. Neither of those verdicts were given, I have to say. And it's unclear, based on the record, where the verdict form came from. There's a suggestion in the court's order that this is the court's special verdict form. But we don't have any argument or any showing that plaintiff ever suggested different instructions, a different verdict form, or that even plaintiff was prevented from arguing any of the law that was stated in Dahlia. And it is unclear. Dahlia is unclear to me, quite honestly. If that's right, then we have to apply plain error in a situation when court of appeals has changed the law. It's hard to say there's plain error with district court not looking ahead and seeing what the law is going to be. Right. How about the response to the jury note? Was there any discussion? What discussion did the court conduct with regard to responding to the jury note, and what did the parties have to say about the response? Again, I wish I could answer that question, but there is nothing in the record. It was plaintiff's burden in this case, the appellant's burden to provide the court with a sufficient record from trial. All you received is a very partial piece of evidence and primarily the plaintiff's testimony. There is nothing in the record showing any conversation about that answer that was given. There's no suggestion. In the record or in the excerpts of record? Pardon me? In the record or in the excerpts of record? As far as I can tell, in either. Why only as far as you can tell? Haven't you read the record? I've certainly read the record. Well, then you know whether it's in the record or not. Have you read the record or the excerpts of record? For us, those are two different things. I understand. And the only transcript that is in the record that I have been able to locate is the one that is in plaintiff's excerpts of record attached to his motion for new trial. That is all that was requested to be prepared. Plaintiff did not request a full transcript from the trial, and that was plaintiff's burden to request a full transcript. And if he had requested a full transcript, it would be in the record, even if it was not in the excerpts of record. But I have not found it in the record. The record only contains plaintiff's testimony from trial and two other short witness testimonies. It's missing the majority of witnesses' testimony. It's missing any and all discussions about jury instructions. It's missing any and all discussions or argument about the special verdict form and about the questions from the jury. So we don't have a record here from which this Court can even assess what took place. And that was plaintiff's burden to provide you with a proper record, and it's not there. So that's why I'm saying we're discussing hypotheticals here, because we don't even have a full record. And to the extent we do have a record, and we do have plaintiff's testimony, that's in the record and that's in the excerpts of record. We've got that. But even that plaintiff admitted, for example, on defying orders in his complaint and in his testimony that his reports of misconduct were in 2003, 2004, and that he didn't receive these alleged orders not to report until 2005. That's pages 106, 107, 229. So his arguments, again, are hypothetical. They're not supported by the evidence. And we don't even have a full record to assess whether these instructions caused or lack of instructions could have caused any prejudice. Okay. Thank you. Thank you, Your Honor. I believe you're out of time. Would you like a minute for rebuttal? Sure. The issue of whether objections to the instructions were raised and thus preserved is in the district court's ruling on the motion to augment and the motion for a new trial at page 10. The court talks about it. The plaintiff raised these objections. We pointed it out in our briefs. The dispute is to the court. I'm sorry. This is at what page of the order? This is a minute order, right? Right. It's sort of on the order sheet. I'm pretty sure it's page 10. It's only got five pages. I'm referring to the excerpt page number. Well, tell me which page of the order. Okay. Bottom right-hand corner, it says page 105, page 205. Right. So which of those pages? Page 205, the bottom paragraph. The bottom paragraph? Mm-hmm. Okay. In pretrial proceedings? Correct. Okay. And where? At that point, the second sentence. At that point, the question of whether that presented a question of law for the court or a question of fact for the jury was raised as to the instructions. Eventually, when it came to resolving the jury instruction, the plaintiff took the position, et cetera, et cetera. Well, et cetera is important. Okay. Took the position that the subject involved is a mixed question of law and fact, and that's the issue we've talked about. Right. But was unable to identify the legal component of the question. What is in there that speaks to the issue of whether there were objections to the instructions, to the verdict form, to the response to the jury note that were sufficient to preserve the complaints you have about them today? Well, it raises that, it discusses that plaintiff raised an objection to the jury instruction. It says that in there. When it came to resolving the jury instructions, plaintiff took the position. Well, we know that your basic position was it didn't go to the jury. And I read the judge's order to mean when he puts the challenge to you, how do we separate these things out, you didn't identify the legal component. I don't see there something that says you objected to the instructions as given, as opposed to asking the judge to decide that question for himself. I interpret that to mean, and I was in trial counsel, so I'm interpreting this from the... It's a generic you. I interpret that to mean that the court didn't understand the plaintiff's position to what that legal component was. Well, you previously identified a reference to excerpts volume three. Are there other things you can point to in the excerpts of record or the record as it's available to this court that embodies the objections you're talking about? I believe I've pointed all of them out. In volume three, I've pointed out where there's disputes as to the verdict form. And in here, where I've pointed out... Volume three of what? Volume three of the excerpts? Of the excerpts. And that's... And where in volume three? Starting at page, I think it's 312, regarding the verdict forms. Did you say 312? Yes. There's a joint statement regarding the disputed verdict forms. Okay, and what does it say? In plaintiff's objection... On page 323, plaintiff's objection to defendant's proposed special verdict form. Question one asks the jury to decide if plaintiff was speaking as a private citizen on matters of public concern. This is the second paragraph. Both of these questions are legal issues for the court to decide. While the question of the scope and content of the responsibilities is a question of fact, the ultimate constitutional significance of the facts is found as a question of law. Okay, and where is the objection to the... So this is objecting to a verdict form at all. Right, to the proposed verdict form, right. To having this matter submitted to the jury. Yes. But where are the objections to the text of the instructions? I take those objections to be recognized as being raised in the district court's minute order that the plaintiff objected to the formulation of instruction number 12 because that's the one that talks about... We don't know what or whether alternative given would have fixed the problem and could have made the problem worse. You can't sort of say objected and then appeal, raise a different objection or raise a different argument. It has to be the objection that you present in the district court. We don't know what that is. Well, the objection is whether it's a... And the district court's minute order talks about it at length in the pages that we looked at, the following pages. The text of the instructions, how the jury was instructed and what objections plaintiff raised to that? Yes, because the discussion is about this mixed question of law and fact, and that's what instruction number 12 discusses. It's in that order what doesn't exist, right? There isn't someplace else. If it's in the full record as I stand here today, I'm not aware of it. If it's in the excerpts, that's where it is. Okay. The one other point, if you'll allow me. You're way over your time. I'm sorry? Make it quick. I'll make it quick. We were talking about whether Robinson admitted as to whether he had a duty to report all of these instances. Here's the exact question. Do you feel, and this is at page 206, 206 of the excerpts. Do you feel that the reporting of misconduct by other police officers was one of your duties or responsibilities as a sergeant and police officer with OPS? Absolutely, is the answer. That's a lot different than what are the rules. And with that, unless there are any questions. Okay, thank you. Please, you will stand submitted.
judges: Kozinski, Reinhardt, Clifton